| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Vs. | )        **ORDER** |
| | ) |
| DWAYNE MITCHELL LITTLEJOHN. | ) |
| ──────────────────────── | ) |

**THIS CAUSE** came on to be heard and was heard before the undersigned, pursuant to a motion to withdraw (#71) filed by the defendant's attorney, Fredilyn Sison requesting permission to withdraw as counsel for the defendant. In the motion Ms. Sison states, "Defendant has asked defense counsel to file a motion for new counsel for his sentencing hearing." Upon the call of this matter on for hearing, it appeared that the defendant was present and his attorney Fredilyn Sison was present, and the government was present and was represented by Assistant United States Attorney Mike Savage. From the statements of Ms. Sison, the statements of the defendant, and the arguments of Ms. Sison and the arguments of the Assistant United States Attorney, the court makes the following findings:

**Findings**. At the call of this matter the undersigned made inquiry of Ms. Sison as to whether or not the hearing of the motion could possibly require that the defendant and Ms. Sison to reveal confidential communications between them which are protected by the attorney/client privilege. Ms. Sison advised that could occur at

the hearing. After hearing the objections of the Assistant United States Attorney, the undersigned determined to seal the inquiry that the court was required to make with the defendant and to exclude all persons from the courtroom, including the Assistant United States Attorney. The undersigned noted that if information was disclosed that was relevant to the issue presented in the motion that did not reveal a confidential communication, then the court would advise the Assistant United States Attorney of that information.

In a criminal complaint issued on November 10, 2008, the defendant was charged with first degree murder and aiding and abetting his co-defendants Danielle Victoria Bigwitch and Daniel Lee Reed in so doing. On December 2, 2008 a bill of indictment was issued charging the defendant and his co-defendants with first degree murder. A plea agreement was entered into between the defendant and the government which was filed on February 3, 2009 which provided that the defendant would plead guilty to second degree murder. On February 6, 2009, the undersigned conducted a Rule 11 inquiry and at that time the defendant entered a plea of guilty. A presentence report was filed on May 18, 2009 and an addendum to that report was filed on June 25, 2009. Sentencing was scheduled for July 22, 2009 but that sentencing was continued on July 10, 2009. Sentencing was again continued on July 28, 2009 and was continued for a co-defendant and on September 11, 2009

sentencing was continued based upon a motion made by the government. Sentencing

is now set for December 4, 2009 which would be two business days after the hearing

of the motion to withdraw which was filed on November 25, 2009 which was the day

before Thanksgiving.

After making an inquiry of the defendant and Ms. Sison in closed session the

court went back on the open record and invited Mr. Savage back to the proceeding.

Based upon the inquiry made by the undersigned, the undersigned determined that the

reason the defendant wanted another attorney was that he wanted to seek "a second

opinion" from another attorney as to whether or not the plea agreement that he had

entered into and the crime to which he had entered a plea of guilty was, in fact, in his

best interest. The undersigned explained to the defendant that Ms. Sison was the

most experienced federal defender in the office of the Federal Defenders Office in the

Western District of North Carolina and that she was an excellent attorney. The

undersigned further explained that due to the fact that Ms. Sison had been appointed

to represent him that he had the benefit of not only her expertise but also the expertise

of other attorneys in her office and also the services of the investigator who is

employed by the Federal Defenders Office. The undersigned further explained that

the appointment of substitute counsel would, in the opinion of the court, not be in the

best interest of the defendant due to the fact that substitute counsel could not be

prepared for a sentencing hearing that was going to take place with only two business days for preparation.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different attorney only with good cause. U.S. v. Allen, 789 F.2d 90, 92 (1ˢᵗ Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors:  (1) Timeliness of the motion; (2) Inquiry as to the reasons why the defendant does not wish for Ms. Sison  to represent him further; and (3) Whether or not there is such a conflict between the defendant and Ms. Sison that is so great  it has resulted in a total lack of communication preventing an adequate defense. U.S. v. Gallop, 838 F.2d 105 (4ᵗʰ Cir. 1988).

In regard to the timeliness of the motion, the undersigned notes that the motion was filed on November 25, 2009 which was the day before Thanksgiving. November 26 and 27 were holidays and the motion could only initially be addressed for scheduling on Monday, November 30, 2009. The motion was immediately addressed by the undersigned and was set for hearing on December 1, 2009. Sentencing is

scheduled in this matter in Bryson City for December 4, 2009. The sentencing has been continued for either the government or the co-defendants in this case since July of 2009. Due to the fact there would be only two days, that being December 2 and December 3, 2009 for substitute counsel to be appointed, consult with the defendant and be prepared for the sentencing hearing on December 4, the undersigned finds that substitution counsel would not be in the best interest of the defendant. Further, the undersigned finds that the defendant entered a plea of guilty on February 26, 2009 and waited nine months to request substitution of counsel. The undersigned weighs this factor in denying the motion of the defendant.

The undersigned inquired of the defendant as to his reasons why he desired that a new attorney be appointed to represent him in this matter. From that discussion the court derived that the defendant wanted a second opinion from another attorney who would review the work of Ms. Sison and the Federal Defenders Office. Although seeking a second opinion in regard to a medical procedure is routinely done, the seeking of a second opinion in regard to legal services is not usually performed and quite frankly, without the consent of the present attorney representing the defendant, would be unethical. Ms. Sison is an excellent attorney and her office has provided excellent legal service for the defendant. After making inquiry, the undersigned cannot find any good reason to appoint substitute counsel to represent the defendant. Indeed, the undersigned finds that the appointment of substitute counsel, with only

two days for preparation, would not be in the best interest of the defendant and even if the sentencing was continued, the appointment of substitute counsel in place of Ms. Sison and the Federal Defenders Office would not be in the best interest of the defendant. As found above, Ms. Sison is the most experienced federal defender in the Federal Defenders Office in the Western District of North Carolina. She is an excellent attorney and she has requested that one of her colleagues in the employ of the Federal Defenders Office assist her in the defense of this matter. As a result, the defendant actually has two attorneys. He further has had the benefit of the services of the Federal Defenders' investigator and all of the other benefits that a defendant gains from being represented by the Federal Defenders Office which has resources vastly more extensive than those of a private attorney. A private attorney would have to be appointed to represent the defendant due to the fact there would be a conflict with the Federal Defenders Office if Ms. Sison was allowed to withdraw as the attorney for the defendant. As stated above, the undersigned finds that allowing the defendant's motion would not be in the best interest of the defendant.

The undersigned has further tried to determine if there is any lack of communication between the defendant and his counsel that is so great that it has resulted in a lack of communication preventing an adequate defense. The undersigned finds that Ms. Sison has communicated with the defendant, discussed the matter with him in great detail and, in short, cannot weigh this factor in favor of

granting the motion.

After considering all the factors, it appears there is almost no time before the sentencing hearing within which to appoint other counsel who has the knowledge of the case that Ms. Sison possesses. As a result of the inquiry made by the undersigned, the undersigned cannot find good reason for the appointment of substitute counsel in place of Ms. Sison and further, there does not appear to be any lack of communication between Ms. Sison and the defendant that would prevent an adequate defense.

Based upon the forgoing, the undersigned has determined to enter an order denying the motion (#71) to withdraw.

## ORDER

IT IS, THEREFORE, **ORDERED** that the motion entitled "Motion to Withdraw as Counsel of Record and Appointment of New Counsel" (#71) is hereby **DENIED.**

Signed: December 2, 2009

Dennis L. Howell
United States Magistrate Judge