# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:08-cr-00036-MR-DLH-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DWAYNE MITCHELL LITTLEJOHN, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Modification of Term of Imprisonment [Doc. 139], which seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 794 to the United States Sentencing Guidelines.

The Defendant was charged, along with two co-defendants, with first degree murder within Indian territory, and aiding and abetting the same, all in violation of 18 U.S.C. §§ 1111, 1153, and 2. [Doc. 10]. On February 6, 2009, the Defendant pleaded guilty pursuant to a written plea agreement to the lesser included offense of second degree murder. [Docs. 27, 28]. On December 4, 2009, the Defendant was sentenced to a total term of 204 months' imprisonment. [Doc. 77]. The Defendant appealed, but on April 11,

2011, the Fourth Circuit Court of Appeals dismissed his appeal as being barred by the appellate waiver set forth in the plea agreement. [Doc. 131]. The Defendant subsequently filed a motion to vacate pursuant to 28 U.S.C. § 2255 [Doc. 137], which the Court denied [Doc. 138]. On February 21, 2017, the Defendant filed the present motion pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction of his sentence based on Amendment 794. [Doc. 139].

The Sentencing Guidelines Manual does not specify Amendment 794 as a retroactively applicable amendment. See U.S.S.G. § 1B1.10(d) (2015). Thus, Amendment 794 has no retroactive effect in this § 3582(c)(2) proceeding. See United States v. McNeill, __ F. App'x __, 2016 WL 6936472, at *1 (4th Cir. Nov. 28, 2016). Even assuming that Amendment 794 could be applied retroactively, however, it would not affect the Defendant's sentence. Amendment 794 amended the commentary to U.S.S.G. § 3B1.2 in order to provide a list of non-exhaustive factors for the sentencing court to consider in determining whether to apply a mitigating role adjustment. See U.S.S.G. app. C, amend. 794, at 116. Here, the factual basis presented in the Presentence Report ("PSR") makes clear that the

Defendant was more than a minor or minimal participant in the murder of the victim. Thus, Amendment 794 has no bearing on the Defendant's case.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Modification of Term of Imprisonment [Doc. 139] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 1, 2017

Martin Reidinger
United States District Judge